UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMERSON FREEMAN,

        Plaintiff,

v.                                    Case Number 10-12805-BC
                                     Honorable Thomas L. Ludington

LARRY CLAYTON, BERTHA,
WASHTENAW COUNTY JAIL HEALTH
DEPARTMENT,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Plaintiff Emerson Freeman is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He filed a pro se complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983, and seeking monetary damages, on or about July 15, 2010. He is proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). Despite the liberal pleading standard accorded pro se plaintiffs, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. 1997e(c).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). In this case, Plaintiff's claims arise out of his concerns that, as a mental patient, he was treated incorrectly. More specifically, he alleges that on July 21, 2008, he

was supposed to be given the medication Seroquel, but was given a different medication instead.

Plaintiff did not specifically identify the legal theory under which he seeks relief. Based upon the nature of his claim, it is presumed that he is asserting a violation of the Eighth Amendment. The Eighth Amendment bans cruel and unusual punishment that involves "the unnecessary and wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992) (quotation omitted); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). It is well-established that " 'deliberate indifference to serious medical needs' constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotation omitted).

To sustain an Eighth Amendment claim of "deliberate indifference to serious medical needs," a prisoner must satisfy two criteria. First, he must demonstrate that the medical needs were "serious" and required attention that adhered to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Then, he must establish that defendants were "deliberately indifferent to those needs." *Id.* "Deliberate indifference" exists when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." In other words, this criteria is satisfied when a prison official acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (quotation omitted).

Plaintiff's statement of facts is vague and does not allege any conduct that could be construed as demonstrating deliberate indifference to Plaintiff's medical needs. Nor does Plaintiff allege that the medical staff "consciously disregard[ed] a substantial risk of serious harm." *Brooks*, 39 F.3d at

128. To the extent that the medication given to Plaintiff caused negative effects, such circumstances do not rise to the level of an Eighth Amendment violation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Thus, Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

It is further **ORDERED** that Plaintiff is **DENIED** leave to proceed in forma pauperis on appeal because an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS